UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JZON EDWARD BUCKNER, | ) | 1:09-cv-01351 AWI JMD (HC) |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | |
| H.A. RIOS, Jr., | ) | |
| Respondent. | ) | |

Petitioner, Jzon Edward Buckner ("Petitioner"), is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner, who was serving concurrent State and federal sentences, claims that the pre-sentence time credits applied to his State sentence should also be applied to his federal sentence. Petitioner went though four levels of administrative appeals, (see Pet., 3-4), before filing the instant petition.

Petitioner filed a petition for writ of habeas corpus on August 3, 2009. (Doc. #1.) Respondent filed an answer to the petition on February 11, 2010. (Doc. #9.) It is that petition that will be discussed herein.

**Factual History**

On April 2, 2005, Petitioner was paroled by the state of California after being incarcerated for the purchase and sale of cocaine. (Answer, 3.) On January 26, 2006, Petitioner was arrested by local

1   authorities for bank robbery and placed in the custody of the State.  Id.

2         On March 15, 2006, a parole hold was placed on Petitioner by the State at which point the
3   State considered him to be in custody for violation of parole.  (Answer, 4; see Answer, Part 2,
4   Declaration of Kinda Flagg, Attachment 2, Summary of Revocation Hearing and Decision, 1; Doc.
5   #9, 33.)  On March 27, 2006, Petitioner's parole was revoked and he was sent to the California
6   Department of Corrections to serve 12 months in prison for the violation.  (Answer, 4.)

7         On March 27, 2006, local authorities referred their robbery charges to the federal authorities
8   who charged Petitioner with unarmed bank robbery.  Id.  On November 17, 2006, Petitioner was
9   convicted of two counts of unarmed bank robbery and sentenced by the U.S. District Court for the
10  Northern District of California to 90 months imprisonment, 3 years of supervised release, and a $200
11  Crime Victim Fund special assessment.  (Answer, 3; see, Answer, Part 2, Declaration of Kinda
12  Flagg, Attachment 3, U.S. District Court Judgment, 1-5, Nov. 17, 2006; Doc. #9, 42-46. )  The Judge
13  ordered the sentence to commence that same day, to be served concurrently with the State parole
14  violation sentence.  (Answer, 4-5.)  After receiving his federal sentence, Petitioner was returned to
15  the State of California to continue serving his 12-month term.  (Answer, 5.)

16        Petitioner completed his State 12-month term on March 15, 2007, and was released on March
17  19, 2007, into the custody of the United State Marshals Service.  (Answer, 5.)

18        After Petitioner began serving his federal sentence, the BOP calculated Petitioner's time
19  served.  Petitioner received prior custody credit towards his federal sentence from January 26, 2006
20  (the day he was arrested for bank robbery), though March 14, 2006 (the day before the State custody
21  hold was placed on Petitioner).  (See Answer, Ex. 1, Declaration of Kinda Flagg, Attachment 6, 2;
22  Doc. #9, Part 2, 58.)   The time Petitioner spent in custody between March 15, 2006 (the day the
23  State placed a hold on him), and November 16, 2006 (the day before he received his federal
24  sentence), was credited towards his State sentence.  (Id., Attachment 2, Summary of Revocation
25  Hearing and Decision, 1; Doc. #9, Part 2, 33.)

26                                              **Discussion**

27  **I.      Jurisdiction and Venue**

28        Writ of habeas corpus relief extends to a person in custody under the authority of the United

States. See 28 U.S.C. § 2241. Habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Claims concerning the manner and execution of a prisoner's sentence are properly asserted under section 2241. E.g., Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); see also Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998) (per curiam) (allowing a federal prisoner to use section 2241 to challenge the BOP's restitution policies). As Petitioner contends that his custody is contrary to federal law due to the BOP's failure to afford him credit for time served as required by 28 U.S.C. § 3585(b), the Court has jurisdiction over Petitioner's claim pursuant to section 2241. At the time he filed the petition, Petitioner was incarcerated at the United States Penitentiary in Atwater, California, which is within the Eastern District of California; therefore, the Court has jurisdiction over this petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

## II.   Petitioner's Claims

Petitioner contends that the BOP failed to afford him pre-sentence credit towards his federal sentence for time served in State custody from March 15, 2006 (the date the State parole hold was placed on him), though November 16, 2006 (the day before he received his federal sentence).[1] The record reveals the Petitioner is not entitled to credit for this time served in State custody.

The Attorney General, through the BOP, is responsible for imprisoning federal offenders. E.g., United States v. Wilson, 503 U.S. 329, 333 (1992) (citing 18 U.S.C. § 3621(a)). "A defendant convicted of a federal crime has a right under 18 U.S.C. § 3585(b) to receive credit for certain time spent in official detention before his sentence begins." Wilson, 503 U.S. at 330. The BOP is responsible for calculating the credit a federal prisoner is entitled to in accordance with the provisions of 18 U.S.C. § 3585. Id. at 334. Such calculation is to take place only after the defendant has begun to serve his or her federal sentence. Id. Section 3585(b) provides:

---

[1] Petitioner also claims that the State crime and the federal crime for which he was convicted are one in the same, thereby violating double jeopardy. As the State and the Federal government are separate sovereigns, this claim is not "colorable." See U.S. v. Zone, 403 F.3d 1101, 1104 (9th Cir. 2005) (citing U.S. v. Lanza, 260 U.S. 377, 382 (1922)).

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). In drafting section 3585, "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337. Time credited to a prisoner's state sentence cannot be credited to the prisoner's federal sentence. See id.; 18 U.S.C. § 3585(b); see also Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988) (per curium) (applying the precursor to section 3585 and concluding that "since the State of Florida gave [petitioner] credit on his state sentence for the period of time he was denied release [from state custody], he is not entitled to credit against his federal sentence for the same period of time.").

The record before the Court establishes that Petitioner received credit towards his federal sentence for his pre-sentence time spent in custody from January 26, 2006, though March 14, 2006. (Answer, Ex. 1, Declaration of Kinda Flagg, Attachment 6, 2; Doc. #9, Part 2, 58.) However, as soon as the State placed a parole violation hold on him, Petitioner's pre-sentence custody began to be credited towards his State sentence. (Id., Attachment 2, Summary of Revocation Hearing and Decision, 1; Doc. #9, Part 2, 33.) When Petitioner's time in custody began to be "credited against another sentence," section 3585(b) precluded credit from accruing towards his federal sentence. Had the BOP counted that period when Petitioner was receiving credit towards his State sentence, towards his federal sentence, Petitioner would have received "a double credit," which the U.S. Supreme Court has held is against the clear intention of section 3585(b). Wilson, 503 U.S. at 337. Accordingly, Petitioner is not entitled to have the time period from March 15, 2006, through November 16, 2006, credited to his federal sentence.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1) the petition for a writ of habeas corpus be DENIED; and

2) the Clerk of Court be DIRECTED to enter judgment.

1  This Findings and Recommendation is submitted to the assigned District Judge, pursuant to
2  the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with the Findings
3  and Recommendation, any party may file written objections with the Court and serve a copy on all
4  parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and
5  Recommendation." Any reply to the objections shall be served and filed within ten days after service
6  of the objections. The parties are advised that failure to file objections within the specified time may
7  waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9  IT IS SO ORDERED.

10  **Dated:**   **May 28, 2010**          **/s/ John M. Dixon**
    UNITED STATES MAGISTRATE JUDGE